FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com

Attorney for Defendant
BALUBHAI GOPAL PATEL,
individually and as trustee
of the BALUBHAI PATEL
REVOCABLE TRUST
DATED MARCH 14, 2007

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual, | No. CV20-05782-JFW-GJS |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S NOTICE OF INABILITY TO SCHEDULE PRIVATE MEDIATION; DECLARATION OF FRANK A. WEISER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| BALUBHAI GOPAL PATEL, individually and as trusteeof the BALUBHAI PATEL REVOCABLE TRUST DATED MARCH 14, 2007, DOES 1-10, inclusive, | |
| Defendants . | |

1

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Defendant BALUBHAI GOPAL PATEL, individually and as trustee of the BALUBHAI PATEL REVOCABLE TRUST DATED MARCH 14, 2007 ("Defendant") and I make this declaration in support of his response to the Plaintiff CARMEN JOHN PERRI'S ("Plaintiff") Notice Re: Inability to Schedule Private Mediation ("Notice"). (Civil Docket No. 23).

2. Curiously, the Notice was not filed as a declaration by Mr. Manning.

3. I cannot recall **one** conversation that I have had with Mr. Manning regarding this case.

4. To the best of my recollection, my conversations have been with his associate Phyl Grace, Esq., on this and other ADA cases that I am defending.

5. I believe that I have spoken to her regarding potential settlement in this case and other cases she is handling more than three times although no agreement has yet been reached to date in this case.

6. Mr. Manning's Notice states vaguely that I have responded to the attempts to contact me "about" three times. (Notice, pg. 2 : 5).

7. I do not recall during such conversations with Ms. Grace, or in her e-mail correspondence, one conversation or e-mail where she has proposed the name of a private mediator or a time and date to schedule the mediation.

2

8.   If I have overlooked such an e-mail I would ask her to produce it as to which private mediator, time and date she has proposed.

9.   I believe that the failure to complete mediation is not solely my fault..

10.   I have tried to cooperate with Ms. Grace in discussing and attempting to reach settlement in this case as in other ADA cases that her firm is litigating with me.

11.   In fact, on February 9, 2021, Ms. Grace and I had a discussion late in the day about another ADA case filed by her firm in this district court entitled Suzanne Na Pier v Tacos Baja, et al, USDC Case CV20-01627-CJC-KES ("Tacos Baja Case").

12.   On February 9, 2021, at approximately 5:07 p.m., Ms. Grace sent me an e-mail confirming settlement in the case which is attached hereto as Exhibit "A". I have redacted the terms of the settlement in the e-mail due to its confidential nature.

13.   Subsequently, Mr. Manning's firm has yet to file a Notice of Settlement.

14.   In another case entitled James Rutherford v Ekta Hospitality LLC, USDC Case No. CV20-00408-JGB-SHK, Ms. Grace and I settled the case and the paryies were able to complete mediation. Mr. Manning's firm filed a Notice of Settlement in the case on March 23, 2021. (Civil Docket No. 22).

15.   In the Tacos Bajas case and the Ekta Hospitality LLC case as in other cases, Ms. Grace and I have also discussed this case along with other ADA cases that we are litigating

16.  I have had  medical problems and family medical issues primarily with my  daughter related to the removal of a large kidney stone that has caused a serious backlog in my heavy trial and appellate calendar and contributed in my not completing mediation at this date.

17.  My daughter still requires surgery to remove her kidney stone as her previously scheduled surgery this past March was postponed due to the pandemic, and she has been tretated by a urologist Arash Akhavein, M.D., formerly of Comprehensive Urology located at 8631 W. 3rd St, #715E, L.A., CA  90048.

18.  During the first quarantine my daughter developed severe pain and nausea from development of new kidney stones aside from the one thaqt had been scheduled for surgery.

19.  This required calling 911 to come to our house at the time and seeing and taking a CT scan later in the day; and my wife and I had her take additional tests in the last several weeks  to determine with Dr. Akhavein at that time as to the next course of action.

20.  There are other medical issues related to my daughter who also suffers from a severe case of OCD and an issue arose just last week regarding the medication she takes for her condition that required another personal physician by the name of Dr. Michael Farzam of House Call Doctor. (310) 849-7991, to tests on Friday, August 21, 2020.

21.  My daughter suffers from a severe case of OCD and has taken medication for the condition for years. Recently, an issue arose with regards to her medication and she underwent medical tests by way of our personal physician Dr. Michael Farzam, (310) 845-7991 at the end of August of 2020.

22.   More recently, during the week of December 7th, 2020, my daughter began suffering pain and nausea again, which appears to be from the stone and which required calling Dr. Farzam and the doctor on call at Comprehensive Urology, Dr. Evan Rosen.

23.   On February 27, 2021, my daughter appears to have had a severe anxiety attack as she began complaining of a change in her sense of smell and was in fear that she had contracted Covid 19.

24.   Because of my daughter's severe OCD she has a great fear of contracting Covid 19 she has not gone out of our house, except at rare times in the backyard, since approximately February of 2020.

25.   Dr. Farzam sent an assistant to our house the evening of February 27, 2020 at approximately 9:30 p.m. to conduct a Covid test on my daughter.

26.   The results of the test thankfully were that my daughter had not contracted Covid.

27.   In addition to the above, a close family friend, Mr. Isaac Fuchs, passed away from at Cedars-Sinai Medical Center on March 12, 2021.

28.   Our friend's passing has had a terrible impact on my wife Susan Weiser and myself and quite frankly, I have not been feeling well at times since his passing.

29.   I am a sole practitioner, and as a result of the above, and also given the fact that I have not been working on a regular basis due to the pandemic, I am very backlogged at present in my heavy trial and appellate calendar and as this has contributed to my completing the mediation.

30.   Further, I was closed from sundown Friday, March 26, 2021 until Tuesday, March 30, 2021 in observance of the Jewish Shabbat and the first two days of Passover which began on the evening of March 27, 2021 and ended on the evening of March 29, 2021.

31. On April 2, 2021, at approximately 3:46 p.m., I spoke to Richard Avalos, Esq., who I understand is an associate working in Mr. Manning's office.

32. Mr. Avalos informed me that the parties had not completed mediation which was to be completed by April 5, 2021 and he requested that I call Ms. Grace to further discuss the matter.

33. On April 2, 2021, at approximately 3:52 p.m., I e-mailed  Ms. Grace and left her a voice mail message at 4:00 p.m. to call me back. A copy of the e-mail that I sent Ms. Grace on April 2, 2021, and the e-mail chain between Ms. Grace and myself from December 1, 2020 to such date is attached hereto as Exhibit "B". However, I do not believe that the e-mails that Ms. Grace has authored in this case necessarily reflects all the conversations that we have had on the case because as I previously stated I have discussed this case along with other ADA cases in my discussions with her in the settlement discussions in the Tacos Bajas case and the Ekta Hospitality LLC case

34. Ms. Grace and I spoke regarding the case at approximately 4:44 p.m. the same day and as to potential settlement. I also suggested that as we had not completed mediation that we submit a joint stipulation to continue the mediation completion date.

35. On April 2, 2021, at approximately 4:59 p.m., I received an e-mail from Ms. Grace which is attached as Exhibit  "C," with a photo of the previously discussed issue that day of the sloped disabledc parking but no response as to submitting the joint stipulation.

36. I did not hear from Ms. Grace on April 5, 2021, rather Ms. Manning filed the Notice.

37. I take my obligations seriously, and I have practiced extensively before state and federal trial courts here in California and in the Ninth Circuit for approximately thirty years primarily specializing in civil rights cases on behalf of Asian-Indian motel owners and operators such as plaintiffs.

38   Some of my published cases are <u>City of Los Angeles v Patel</u>, 409 U.S. 576 (2015) (affirming in a 5-4 decision the Ninth Circuit's en banc decision facially invalidating on Fourth Amendment grounds a motel search ordinance that authorized law enforcement to search motel registers on demand without consent or a warrant) (<u>Patel v City of Los Angeles</u>, 738 F.3d 1058 (9th Cir. 2013) (en banc)); <u>Herrera v City of Palmdale</u>, 918 F. 3d 1037 (9th Cir. 2019); <u>Patel v City of Montclair</u>, 798 F.3d 895 (9th Cir. 2015); <u>Patel v City of San Bernardino</u>, 310 F.3d 1134 (9th Cir. 2002); <u>Patel v Penman</u>, 103 F.3d 868 (9th Cir. 1996); and more recently <u>Hotop v City of San Jose</u>, 982 F.3d 710 (9th Cir. 2020).

39. I believe that this case can be settled and I would respectfully request an additional two months, or whatever time the Court deems reasonable, for the parties to schedule and complete a private mediation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of April 2021 at Los Angeles, California.

FRANK A. WEISER

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  THE MEDIATION COMPLETION DATE SHOULD BE EXTENDED AS THERE IS GOOD CAUSE FOR THE EXTENSION

In <u>Ahanchian v Xenon Pictures, Inc.</u>, 624 F.3d 1253 (9th Cir. 2010), the Ninth Circuit held that an attorney who requested an extension in opposing a motion for summary judgment should not have been denied his request as the Federal Rules of Civil Procedure "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Id. at 1258 (quoting <u>Rodgers v Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983).

In doing so, the Ninth Circuit held that Federal Rule of Civil Procedure 6(b)(1)'s authorizing a district court to extend the time in which an act may be done for "good cause" is a non-rigorouis standard that been construed broadly across procedural and statutory contexts. Id. (citing numerous out of circuit cases to such effect).

The Defendant's counsel has been in contact with Ms. Grace multiple times to discuss settlement. (Declaration of Frank A. Weiser, paragraphs 4-15). She has never proposed the name of a private mediator or dates to mediate.

That is not to place the blame solely on Plaintiff's side but if there is blame both sides share equally in not choosing a private mediator and choosing possible mediation dates.

Defendant's counsel has acted in good faith and settled as recently as February and March of this year two other ADA cases with Ms. Grace. (Declaration of Frank A. Weiser, paragraphs 10-15).

In this case,  counsel's family health issues which has caused a backlog in his work has contributed in his not completing the mediation, and favors under <u>Ahanchian,</u> that the completion date be extended..

It also favors resolution of this case and the preservation of judicial resources.

## II.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Defendant  respectfully requests that the mediation completion date be extended by two months, or whatever date the Court deems reasonable.

DATED: April 6, 2021                    Respectfully submitted,

                                        LAW OFFICES OF FRANK A.
                                        WEISER

                                        By: _____
                                        FRANK A. WEISER, Attorney for
                                        Defendant BALUBHAI GOPAL PATEL,
                                        individually and as trustee of the
                                        BALUBHAI PATEL TRUST

1
2
3
4
5
6
7
8
9
10
11
12
13
14                                    **EXHIBIT "A"**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**From:** Phyl Grace
**Sent:** Tuesday, February 09, 2021 5:07 PM
**To:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** NaPier v. Leong ADAA-3.132

Frank:

This will confirm that we have resolved this case for the ~~sum~~ of ~~$~~, to include ~~~~~~~~, ~~~~~~~~, and ~~~~~~~~ to ~~~~~~~~ the ~~~~~~~~.

I will have a settlement agreement forwarded for review.

Thank you for your courtesy.

Very truly yours,

Phyl Grace, Esq.





Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

1
2
3
4
5
6
7
8
9
10
11
12
13                        **EXHIBIT "B"**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**From:** maimons@aol.com,

**To:** pgrace@manninglawoffice.com,

**Cc:** disabilityrights@manninglawoffice.com,

**Subject:** Re: Perri v. Balubhai Gopal Patel ADAA-5.551

**Date:** Fri, Apr 2, 2021 3:52 pm

**Attachments:**

---

Phyl:

I just spoke to Richard Avalos who told me to e-mail
you regarding this case and I did leave a message earlier
as I am also responding to follow up on the other cases.
I can be reached at (213) 399-7806.

I appreciate your courtesy and cooperation in the matter.

Sincerely,

Frank A. Weiser
Attorney at :Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, CA 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)


-----Original Message-----
From: Phyl Grace <pgrace@manninglawoffice.com>
To: Frank A. Weiser <maimons@aol.com>
Cc: DisabilityRights <disabilityrights@manninglawoffice.com>
Sent: Thu, Mar 25, 2021 4:46 pm
Subject: RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

I am still waiting to discuss this case with you.  Please call me.  It has been months since you agreed to call me
back on this and other cases.

Very truly yours,

Phyl Grace, Esq.





Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

**From:** Phyl Grace <pgrace@manninglawoffice.com>
**Sent:** Tuesday, March 09, 2021 2:49 PM
**To:** Frank A. Weiser <maimons@aol.com>
**Cc:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

I have not heard back from you regarding this matter. Moreover, the Court has directed us to *private* mediation. I do not see that the Court has declined supplemental jurisdiction in this case yet, so we all issues are viable at this time.

As requested for over a month now, please get back to me regarding settlement.

Thank you for your courtesy.

Very truly yours,


Phyl Grace, Esq.





Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

**From:** Phyl Grace
**Sent:** Monday, March 01, 2021 2:42 PM
**To:** Frank A. Weiser <maimons@aol.com>
**Cc:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

You promised to contact me last Thursday on this as well as other cases, but I never heard from you (again) and you never provided a time to reserve. It is becoming routine on all of your cases that I have to spend months trying to get you to communicate, then we discuss, and you claim you will get back to me, but that just sets up the next months of effort to get a communication back from you. Consequently, we are expending a great deal of time on cases that would normally have information regarding resolution resolved in weeks rather than six months.

You retorted to me that you do not tailor the needs of our firm to the work of your firm. As I indicated to you, we will need to resolve these cases you believe are resolvable before they take an unnecessary time for the already overburdened court system. These are simple matters. The courts consider them resolvable without

much effort. I tend to agree with the courts, that a few phone calls should suffice, and not months and months of half a dozen emails every week.

Please set up a date and time to discuss.

Thank you for your courtesy.

Very truly yours,


Phyl Grace, Esq.




Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

---

**From:** Phyl Grace
**Sent:** Monday, February 22, 2021 2:19 PM
**To:** Frank A. Weiser <maimons@aol.com>
**Cc:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

As you know, we scheduled a time for last Monday to continue discussions regarding settlement for this and other cases. This was scheduled to discuss resolution. We have had several conversations regarding this case, but no offer of settlement has been made. Despite the scheduled conference call, you did not participate, cancel, or reschedule this discussion. In fact, there has been no communication from you at all since your promise for further discussions.

Please advise if we are resolving this matter or whether we should set up another time to discuss this and the other several cases planned for discussion at last Monday's meeting.

Pursuant to the Rules of Civility:

"We will raise and explore the issue of settlement in every case as soon as enough is known about the case to make settlement discussion meaningful."

Needless to say, this case should have been settled at this time.

Thank you for your anticipated response.

Very truly yours,

---

**From:** Phyl Grace <pgrace@manninglawoffice.com>
**Sent:** Wednesday, December 23, 2020 10:05 AM
**To:** Frank A. Weiser <maimons@aol.com>
**Cc:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

I have not heard from you on this case for several weeks. Please contact me regarding this matter.

Thank you for your courtesy.

Very truly yours,

Phyl Grace, Esq.





Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

**From:** Phyl Grace <pgrace@manninglawoffice.com>
**Sent:** Sunday, December 06, 2020 6:18 PM
**To:** Frank A. Weiser <maimons@aol.com>
**Cc:** DisabilityRights <disabilityrights@manninglawoffice.com>
**Subject:** RE: Perri v. Balubhai Gopal Patel ADAA-5.551

Frank:

Please call me on this matter. I did not hear from you last week.

Thank you.

Phyl Grace, Esq.






1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "C"**

**From:** pgrace@manninglawoffice.com,
**To:** maimons@aol.com,
**Cc:** disabilityrights@manninglawoffice.com,
**Subject:** Perri v. Balubhai Gopal Patel ADAA-5.551
**Date:** Fri, Apr 2, 2021 4:59 pm
**Attachments:** !QTCPAA00G928image002.jpg (118K),

Frank:

As promised, attached is a photo of the sloped disabled parking.

Thank you.

Phyl Grace, Esq.





Please note my new street address, below. Only the street address has changed. All other contact information remains the same. Thank you.

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Direct: (949) 258-9447 • Office: (949) 200-8755 • Fax: (866) 843-8308
pgrace@manninglawoffice.com

www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone. Should this occur, please notify the sender by reply e-mail and delete the message in its entirety. The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC. The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.