Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff CARMEN JOHN PERRI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BALUBHAI GOPAL PATEL, individually and as trustee of the BALUBHAI PATEL REVOCABLE TRUST DATED MARCH 14, 2007; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-05782-JFW-GJS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT**<br><br>Date: October 18, 2021<br>Time: 1:30 p.m.<br>Ctrm: 7A |

1

# MEMORANDUM

## I. Defense Counsel's Bad Faith and Repudiation of the Settlement Constitutes an Extraordinary Circumstance

Plaintiff has been attempting to reach Counsel for Defendant in this case since April 8, 2021 in order to finalize the settlement agreement and in order to receive payment from Defendant. The Court had previously issued an Order to Show Cause re: Sanction to Counsel for his failure and refusal to cooperate with Plaintiff in regard to Court-ordered mediation. Counsel for Defendant has not responded to a single contact attempt until his filing of an Opposition to the instant Motion. Counsel for Defendant's pattern and practice of bad faith settlement is again demonstrated by his failure and refusal to engage in direct communication with Plaintiff and constitutes an extraordinary circumstance under Fed. R. Civ P. 60(b)(6).

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just'" when the parties are faced with "extraordinary circumstances." Fed. R. Civ P. 60(b)(6); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Indeed, "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers International Association*, 937 F.2d 408, 410 (9th Cir. 1991).

Counsel for Defendant was motivated by the prospect of an Order to Show Cause re: Sanction to settle the instant case. As demonstrated by his conduct prior to and after settlement, Counsel had no intention to follow through with settlement and, to Plaintiff's knowledge, has not made a single effort to finalize the settlement agreement with Defendant or secure payment from Defendant as agreed. In refusing to engage with Plaintiff, Counsel for Defendant has succeeded in avoiding mediation, further litigation, and Plaintiff has been left without remedy for violation

of his civil rights under the Americans with Disabilities Act ("ADA"). Counsel's bad faith and subsequent repudiation of the settlement of this case in order to terminate litigation pending before this Court is an extraordinary circumstance such that relief from the Court's dismissal is justified and enforcement of the settlement is warranted.

## II.   The Court's Jurisdiction Over Settlement in this Case is Based on Its Application of the ADA to Enforce Injunctive Relief

Defendant asserts the U.S. Supreme Court case *Kokkonen v Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (1998) to argue that the Court in this case does not have jurisdiction to hear Plaintiff's Motion. However, this case is distinguishable from *Kokkonen*. The case in *Kokkonen* was removed to the district court on diversity grounds and was otherwise based on state-law claims. *Id*. at 376. Jurisdiction in the instant case is based on a violation of the ADA, a federal law. The case relies on the Court's supplemental jurisdiction to maintain Plaintiff's Unruh Civil Rights Act ("UCRA") claim.

Federal law governs settlements that depend on the application of a federal statute. *Dillard v. Starcon Int'l, Inc.* 483 F.3d 502, 507 (7th Cir. 2007); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 (9th Cir. 2012); *Stroman v. West Coast Grocery Co.*, 884 F.2d 458 , 461 (9th Cir. 1989). Plaintiff does not seek to stretch the Court's jurisdiction to cover a simple breach of contract, as argued by Defendant. The settlement at issue includes injunctive relief – specifically, the remediation of the accessibility barriers alleged in Plaintiff's Complaint. In order to enforce the settlement issue, the Court must enforce ADA's contemplated remedy – injunctive relief. 42 U.S.C. §§ 12188(a)(2).

Plaintiff does not seek to stretch the Court's jurisdiction to cover a simple breach of contract, as was the case in *Kokkonen*. The Court's jurisdiction over this settlement is required by the application of the ADA to direct Defendant to

remediate the accessibility barriers that continue to exist on Defendant's property and deny public accommodation to Plaintiff and other persons with disabilities.

### III.   Conclusion

Defense Counsel's bad faith conduct throughout this case and ongoing repudiation of the settlement constitutes an extraordinary circumstance that justifies relief from final judgment under Fed. R. Civ P. 60(b)(6). Further, the Court must maintain jurisdiction because the enforcement of this settlement depends upon the application of injunctive relief under the ADA. Plaintiff's Motion should be granted.

Dated: October 4, 2021          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr.*
        Joseph R. Manning Jr., Esq.
        Attorneys for Plaintiff